**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **KATRELL POWELL, *et al.*,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **Civ. No.: MJM-24-371** |
| **v.** | * | |
| | * | |
| **LUMEN PROPERTY MANAGEMENT LLC, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM</u>**

Plaintiffs Katrell Powell and Jazmyn Averette (collectively, "Plaintiffs") filed this civil action in the Circuit Court for Baltimore City, Maryland on December 19, 2023. ECF No. 1 (Notice of Removal); *see also* ECF No. 2 (Complaint). Plaintiffs assert claims against defendants Lumen Property Management LLC ("Lumen") and Artaban Townhomes Baltimore, LLC ("Artaban") (collectively, "Defendants") for alleged violations of the Maryland Consumer Protection Act, negligence, breach of warranty of habitability, and nuisance under Maryland law. *Id*. On February 7, 2024, Artaban filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. ECF No. 1. Each Defendant filed an Answer to the Complaint, ECF Nos. 6 & 8, and a Disclosure of Corporate Interest, ECF Nos. 4 & 7. On February 29, 2024, Plaintiffs filed a Motion for Additional Disclosures of Citizenship or for Remand. ECF No. 9. Lumen filed a response to the motion. ECF No. 10. No hearing is necessary. Loc. R. 105.6 (D. Md. 2023). For reasons stated herein, the motion for remand shall be granted, and an Order of Remand shall issue.

Under 28 U.S.C. § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Section 1446 outlines the procedures for removal. *See* 28 U.S.C. § 1446. "[T]he party seeking removal" bears "[t]he burden of demonstrating" the district court's original jurisdiction of the matter. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (internal quotations marks and citation omitted). "Concerns as to the absence of subject matter jurisdiction may be raised at any time by the court or parties, and a district court must remand any case in which it lacks subject matter jurisdiction." *Byrd v. Deveaux*, Civ. No. DKC 17-3251, 2018 WL 305838, at *1 (D. Md. Jan. 5, 2018) (citing 28 U.S.C. § 1447(c), and *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). "When challenged in a motion to remand, the burden is on the party asserting subject matter jurisdiction to prove by a preponderance of evidence the facts necessary to establish the court's jurisdiction." *Id.* at *2 (citation omitted).

"[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). When diversity jurisdiction is challenged by the plaintiff, the defendant must "prove by a preponderance of evidence the facts necessary to establish the court's jurisdiction." *Byrd v. Deveaux*, No. 17-cv-3251-DKC, 2018 WL 305838, at *2 (D. Md. Jan. 5, 2018) (citation omitted). "If federal jurisdiction is doubtful, a remand [to state court] is necessary." *Md. Stadium*, 407 F.3d at 260 (alteration in original) (quotation omitted); *see* 28 U.S.C. § 1447(c). Where jurisdiction is not in doubt, federal courts have "a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).

Section 1332 "gives federal district courts original jurisdiction of all civil actions 'between … citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)). Diversity of citizenship must be complete "between all plaintiffs and all defendants." *Id.* (citation omitted). The presence "of a single plaintiff from the same State as a single defendant" defeats diversity jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citation omitted). For "artificial entities *other than corporations*[,] … courts must look to the citizenship of their members when determining whether diversity jurisdiction exists." *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 702 (4th Cir. 2010) (citing *Chapman v. Barney*, 129 U.S. 677, 682 (1889)). "For purposes of diversity jurisdiction, the citizenship of a limited liability company ['LLC'] … is determined by the citizenship … of all of its members." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011). If an LLC is owned by a limited partnership, the citizenship of the LLC is determined by the citizenship of the limited partnership. *See Capps v. Newmark S. Reg., LLC,* 53 F.4th 299, 302 (4th Cir. 2022). The citizenship of a limited partnership is determined by that of all its partners, both general and limited. *Schaftel v. Highpointe Bus. Tr.*, Civ. No. WMN-11-2879, 2012 WL 219511, at *1 (D. Md. Jan. 24, 2012) (citing *New York State Teachers Retirement Sys. v. Kalkus,* 764 F.2d 1015, 1019 (4th Cir. 1985)).

Here, both Defendants are LLCs, requiring the Court to look to the citizenship of each defendant's members to determine Defendants' citizenship for purposes of diversity jurisdiction. Lumen's parent entity and sole identified member is Pangea Equity Partners II, L.P., a limited partnership. ECF Nos. 7 &10. In its response to Plaintiff's motion, Lumen states that Pangea Equity Partners II, L.P.'s general partner is Pangea Properties, a Maryland Real Estate Investment

3

Trust ("REIT"). ECF No. 10 at 1–2. Lumen acknowledges that the citizenship of a REIT is based upon that of its shareholders. *Id.* at 2; *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 382 (2016) (concluding that "for purposes of diversity jurisdiction, [REIT's] members include its shareholders"). It states further that "the unique structure and purpose of an REIT, Pangea Properties has hundreds of shareholders—some of whom are LLC's themselves—that are not obliged to share citizenship/ownership information with [Lumen]." ECF No. 10 at 2. Ultimately, Lumen states that it is "unable to conclusively establish that it is not a Maryland citizen for purposes of diversity of citizenship." *Id.*

Artaban, for its part, has disclosed that it is affiliated with other LLCs and has yet another LLC as a member. ECF No. 4. It has not disclosed any further information as to the membership of its member LLC and has not responded to Plaintiff's motion to remand.

Based on the foregoing, the Court finds that neither Defendant has established this Court's subject matter jurisdiction of this case by a preponderance of the evidence. The Court concludes that its subject matter jurisdiction of this matter is "doubtful" and, therefore, "remand [to state court] is necessary." *Md. Stadium Auth.*, 407 F.3d at 260.

Plaintiff's motion for remand shall be granted. This matter shall be remanded to Circuit Court of Maryland for Baltimore City.  A separate Order of Remand will issue.

June 18, 2024                                          _____
Date                                                           Matthew J. Maddox
                                                                   United States District Judge

4